## CARTER *vs.* DAVIS.

1. When a person bargains land in this State, giving a bond for title, and dies in another State as a citizen thereof, his administrator appointed in that State can maintain suit for the purchase money in this State, and can make a valid deed to the vendee.

In Equity, from Marion county.    Decision by Judge WORRILL, at Chambers, 30th day of November, 1859.

This bill was filed by defendant in error to enjoin the collection by suit at law of certain promissory notes given by the defendant to Matthew M. Carter, the husband of plaintiff in error, in his lifetime, (since deceased,) for certain tracts and parcels of land in the bill described.

The complainant alleged, that at the time of the purchase and the giving said notes, the vendor executed to him a bond for titles only, and subsequently moved to the State of Florida, and there died, without executing to him a deed for the land ; that he left a widow and several minor children as his heirs, and that the former was proceeding to collect said notes without being able to execute to him legal conveyances for the land, her husband having died out of the State, leaving no legal representation or heirs at law residing in it.

This bill was returnable to the March Term, 1860, and there was appended to it an affidavit by complainant, that he would have presented it to the Chancellor in time to have made it returnable to the previous term, but for the fact that his brother, Zachariah Davis, had been very sick, and owing to the attention of G. O. Davis on him, said G. O. having been employed as counsel for complainant, and only counsel, it could not be sooner prepared.

The injunction restraining the common law suit having been granted, according to the prayer of the bill, the defendant filed her answer, admitting all the facts charged, except that she denied her want of authority to execute legal titles to complainant for said land.    She exhibits her letters of administration on the estate of her deceased husband obtained in the State of Florida, and asserts that under the laws of that State, (reciting *sections* 1 *and* 2 *Thompson's Digest,*) she, as administratrix, is duly empowered to make the titles in question.    She further answers that she did execute, as

Carter *vs.* Davis.

administratrix, a deed for said land to complainant, to be filed in the Clerk's office of the Superior Court of Marion county, to be delivered to complainant on his paying said notes. A copy of the deed is attached to the answer, with the certificate of the Clerk, showing the said deed to have been filed in his office and duly recorded.

To this answer is appended the affidavit of Wm. D. Elam, stating that complainant in the bill has been in possession of said land ever since the 1st February, 1857.

On the coming in of the answer, the defendant moved to dismiss the injunction, on the following grounds:

1st. That said injunction was improvidently granted by the Court, in this: that the complainant did not show a good cause why it was not filed in time to have had the defendant served.

2d. That the children being minors, are improper parties, and cannot be made parties in this bill.

3d. That the complainant has a full and complete remedy at law for all he claims, and that he is in possession of the land for which he claims the notes were given and has not complied with the bond.

4th. There is no equity in the bill; if so, the answer swears it off.

5th. And that said injunction was granted improvidently, in this: that there was no certificate of the Clerk that there was a bond with good and ample security for the eventual condemnation money, together with all future costs, as required by law and the rules of Court before the same was sanctioned by the Court, there being a judgment at Common law.

The Chancellor refused the motion on all the grounds taken, and counsel for defendant excepted.

ELAM & OLIVER, for plaintiff in error.

BLANDFORD & CRAWFORD, *contra.*

*By the Court.*—STEPHENS, J., delivering the opinion.

The substance of this bill is, that there is no person who can make a title to the land, and that it would be inequita-

ble to enforce the collection of the notes without giving Davis the title, which was the consideration of the notes. The reply which Mrs. Carter makes in her answer is, that there *is* a person who can make the title, and that she is that person; or rather, her reply is, that she has already made it. We have no hesitation in saying that the reply is a good one, and that the injunction ought to have been dissolved. She not only states that she is a person authorized to make the title, but she shows her authority—letters of administration on the estate of the obligor, granted in the State of Florida. Our Act of 1850, (*Cobb's Dig.*, 518), authorizes the administrator of a deceased vendor of land, with bond for title, to make a deed to the vendee, whenever judgment for the purchase-money shall be obtained. Now, whenever this administratrix obtains judgment on these notes, the deed which she has already made will become a perfect title under this statute. It makes no difference that she is a *foreign* administratrix, for another Act of the same year, (*Cobb's Dig.*, 341), gives her, as the foreign administratrix of a citizen of Florida, who died there, the right to sue on any cause of action which he had in this State at the time of his death, and to use all the common law and statutory remedies which are of force in this State, and applicable to the case.

Judgment reversed.